In Re José Morales-Díaz, Petitioner and Appellee.—Bank of San Juan, Contestant and Appellant.

No. 3416. Argued January 21, 1925.—Decided May 19, 1925.

Appeal — Receiver, Payment of Fees by — Stenographer — Transcript of Record.—The Supreme Court can not hold that a court of equity may never authorize the payment by a receiver of stenographer's fees for a transcript furnished to the plaintiff when it has not before it the record of the principal action or of the receivership proceedings or a statement of the case showing the circumstances surrounding the transaction.

First District Court of San Juan, Charles E. Foote, J. Order authorizing a receiver to pay fees. *Affirmed.*

F. H. Dexter and R. Rivera Zayas for the plaintiff. Leopoldo Feliú for the defendants. M. Figueroa del Rosario for the receiver. Llorens Torres & Arroyo for the appellant.

Mr. Justice Hutchison delivered the opinion of the court.

The court below ordered a receiver to pay to the court stenographer a sum claimed as compensation for work done for plaintiff by such stenographer in the course of the litigation in which the receiver had been appointed.

Attorneys for plaintiff and for the receiver acquiesced in, and counsel for the bank opposed, the motion made by the stenographer, upon which the order was based.

The assignment of errors and argument for appellant are as follows:

"1.—The lower court erred in assuming jurisdiction to make the order appealed from against the opposition of the Bank of San Juan.

"2.—The lower court erred in sustaining petitioner's motion, which does not show facts sufficient to constitute a ground for proceeding against the receiver.

"3.—The order appealed from has been made in detriment of the appellant.

"ARGUMENT.

"The three errors assigned may be condensed into one, namely, that the order appealed from is void *ab initio* because the motion filed by Morales does not state facts constituting a ground for a demand in equity inasmuch as the debt sought to be recovered is not chargeable to the receiver but is a private debt of Bernabé Sabalier, and the court was without jurisdiction in equity to injure

the Bank of San Juan by ordering and directing the receiver to pay a debt due from either of the parties in detriment of the funds in the hands of the receiver.

"The mere fact that the order itself provides that the receiver may charge the said $500 to the plaintiff makes the action of the court more arbitrary rather than justifies it, for the plaintiff has no claim against the receiver, and, pending the winding up of the receivership, it cannot be determined what interest plaintiff Sabalier has in the balance of the funds in the hands of the receiver. If the main action is decided against the plaintiff, as we anticipate it will be, then he has no interest in the balance of said funds and the payment thus made to cancel a private debt owing by the plaintiff would be absolutely unfounded. Moreover, even after the cessation of the receivership, Sabalier will owe other debts such as taxes, his attorney fees, etc., which unquestionably enjoy a right of priority.

"Morales' debt is only an ordinary one like that of his cook, his physician or druggist."

The record before us consists of the motion, order and notice of appeal. Whether or not plaintiff had funds to his credit in the hands of the receiver does not appear. Nor is the purpose for which, nor the nature of the circumstances in which, the transcript made for plaintiff by the stenographer was so furnished, disclosed.

We are not aware of any presumption as to delinquency in the payment of taxes; nor are we informed as to what might or might not be the effect of a reversal upon the preference invoked by counsel for the bank on behalf of counsel for plaintiff, but already waived by the latter.

The court below had before it the record both in the principal case and in the receivership proceedings; and in the absence of these records, and of any statement of the case, and of any citation of authority, we are not prepared to say that a court of equity may never authorize the payment by a receiver of stenographer's fees for a transcript furnished to plaintiff, regardless of the circumstances surrounding the transaction.

The order appealed from must be affirmed.